```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
GREGORY FOWLER and                 )
DOUBRI ENTERPRISES, LLC,           )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )   C.A. No. 13-662 S
                                   )
COLD STONE CREAMERY, INC.,         )
                                   )
            Defendant.             )
_____)

## DECISION AND ORDER

WILLIAM E. SMITH, United States District Judge.

What started out as a plain vanilla franchise agreement has led the parties down a Rocky Road of federal litigation. Here's the scoop: Gregory Fowler and Doubri Enterprises, LLC ("Plaintiffs") brought suit in Rhode Island Superior Court against Cold Stone Creamery, Inc. ("Cold Stone"), asserting an array of claims based on Cold Stone's alleged breach of a franchise agreement and a separate sublease agreement. Cold Stone, which hails from Arizona, felt chilled in Rhode Island Superior Court and, seeking the softer service of federal court, removed the proceedings to this Court based on diversity of citizenship. It has now filed the instant motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (ECF No. 4.) Cold Stone says this is no Baskin

Robbins; there is only one forum flavor on the menu of the franchise agreement, and that is Arizona. Cold Stone asks that Plaintiffs' complaint be dismissed outright, or, in the alternative, that the matter be transferred to the United States District Court for the District of Arizona. For the reasons discussed below, the Court concludes that dismissal of the action is unwarranted, but transfer is indeed appropriate. As such, Cold Stone's motion to dismiss is DENIED; the request in the alternative that the matter be transferred is GRANTED and the matter is hereby transferred to the United States District Court for the District of Arizona.

I.  Facts

Plaintiffs and Cold Stone executed a franchise agreement on April 3, 2007. Prior to this date, in 2005, Cold Stone had entered into a lease agreement with Edens and Avant Financing Limited Partnership ("E&A") whereby Cold Stone leased retail space at a shopping center in East Greenwich, Rhode Island. Shortly after execution of the franchise agreement, Plaintiffs and Cold Stone entered into a sublease agreement, pursuant to which Plaintiffs became sublessees of the space.

Between approximately April 2007 and January 2012, the parties had an arrangement whereby Cold Stone withdrew money monthly from Plaintiffs' account in order to make rent payments to E&A. Plaintiffs allege that beginning in January 2012,

however, Cold Stone continued to withdraw funds from Plaintiffs' account, but failed to make rent payments to E&A, beginning a chain of events that led to Plaintiffs' eviction for nonpayment of rent.  This lawsuit followed.

Cold Stone has moved to dismiss or transfer the case citing the choice of venue provision in the franchise agreement, which provides that:

> Each party agrees that any litigation between the parties will be commenced and maintained only in the courts located in Maricopa County, Arizona, and each party consents to the jurisdiction of those courts; provided, however, that [Cold Stone] may seek to obtain injunctive relief in any court that [Cold Stone] may select.

(Mot. to Dismiss Ex. A, ECF No. 4-1.)  That Cold Stone would include this choice of venue provision in its standard franchise agreement comes as no surprise; Cold Stone is incorporated and based in Arizona.

II.  Discussion

Federal Rule of Civil Procedure 12(b)(3) allows a party to invoke an improper venue defense.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Here, Plaintiffs oppose both dismissal and transfer for two reasons: (1) because the franchise agreement as a whole was an

unconscionable contract of adhesion; and (2) because the terms of the choice of venue provision are unreasonable.

    A.    Was the franchise agreement an unconscionable contract of adhesion?

Plaintiffs' argument that the franchise agreement was unconscionable is unpersuasive. "In order to establish unconscionability, a party must prove that (1) there is an absence of meaningful choice on the part of one of the parties; and (2) the challenged contract terms are 'unreasonably favorable' to the other party." E.H. Ashley & Co. v. Wells Fargo Alarm Servs., 907 F.2d 1274, 1278 (1st Cir. 1990) (internal citation omitted). Plaintiffs cannot satisfy the meaningful choice requirement.

Plaintiffs argue that they faced an absence of meaningful choice in that Cold Stone drafted the franchise agreement in its entirely, employed standard boilerplate terms in doing so, and did not provide Plaintiffs the opportunity to negotiate. Plaintiffs lament that their only choice was to accept the franchise agreement as written. This argument overlooks an obvious second option: to decline the franchise and walk away.[1]

---

[1] Plaintiffs rely on E.H. Ashley in suggesting that they were denied meaningful choice. There, however, the First Circuit declined to reach the issue of meaningful choice because it determined that the plaintiffs had failed to satisfy the requirement that the contract in question be "unreasonably favorable." E.H. Ashley & Co. v. Wells Fargo Alarm Servs., 907 F.2d 1274, 1278 (1st Cir. 1990).

See <u>Awuah v. Coverall N. Am., Inc.</u>, 554 F.3d 7, 12 (1st Cir. 2009) (noting that "courts have no general power to relieve parties of bad bargains").

What is more, while Plaintiffs suggest that the forum selection clause was buried within the franchise agreement and couched in legalese, Cold Stone correctly points out that Plaintiffs also viewed a separate franchise offering circular that prominently displayed a risk factor informing prospective franchisees of the risks posed by out-of-state litigation.[2] (<u>See</u> Def.'s Reply to Pls.' Opp'n to Mot. to Dismiss Ex. B, ECF No. 6-2.)

For these reasons, the Court declines to invalidate on grounds of unconscionability either the franchise agreement as a whole, nor the choice of venue provision specifically.

B.   Is the choice of venue provision unreasonable?

Forum selection clauses are common and have usually been construed broadly. <u>Huffington v. T.C. Group, LLC</u>, 637 F.3d 18, 23 (1st Cir. 2011); <u>see also</u> <u>Roby v. Corp. of Lloyd's</u>, 996 F.2d 1353, 1361 (2d Cir. 1993), <u>cert. denied</u>, 510 U.S. 945 (1993). A

---

[2] The Court likewise cannot credit Plaintiffs' argument that the parties differ significantly in their levels of sophistication. The record (though scant at this early stage) indicates that Plaintiffs successfully executed a complicated franchise agreement and successfully operated a Cold Stone location for several years prior to the events that led to this lawsuit. It cannot accurately be said that Cold Stone is significantly more sophisticated or capable of understanding the terms of the franchise agreement than Plaintiffs.

choice of forum clause "should control absent a strong showing that it should be set aside." Huffington, 637 F.3d at 23 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). The party resisting enforcement bears the "heavy burden" of demonstrating why the clause should not be enforced. Zapata, 407 U.S. at 17. Courts have identified four grounds for finding a choice of venue clause unenforceable: (1) the clause was the product of fraud or overreaching; (2) enforcement would be unreasonable and unjust; (3) proceedings in the contractual forum will be so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of his day in court; and (4) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision. Huffington, 637 F.3d at 23 (internal citations omitted).

    Plaintiffs contend first that because the alleged acts giving rise to the lawsuit occurred in Rhode Island, it would be unreasonable and unjust to litigate the matter in Arizona. The First Circuit has previously found, however, that arguments relying merely on geographic contacts and convenience are insufficient to demonstrate that enforcement of a forum selection clause would be unreasonable or unjust. See id. at 24.

Plaintiffs also contend that proceeding in Arizona would be so gravely difficult and inconvenient so as to deprive them of their day in court. More specifically, they argue that litigating in Arizona would necessitate additional travel costs and a new round of filing fees to initiate the lawsuit anew.[3]

As noted earlier, Plaintiffs not only agreed to the terms of the franchise agreement, but also reviewed a franchise offering circular that clearly and unequivocally warned of additional costs associated with litigating in Arizona as opposed to the franchisee's home state. While it is regrettable that Plaintiffs may indeed incur certain additional costs in litigating this matter in Arizona, these costs were (or should have been) contemplated as part of Plaintiffs' decision to enter into the franchise agreement. See <u>Furness v. Wright Med. Tech., Inc. (In re Mercurio)</u>, 402 F.3d 62, 66 (1st Cir. 2005) ("The record in this case is bare of specific evidence regarding the extraordinary additional costs involved in litigating in Tennessee that were not foreseen by the contracting parties when they entered into the [a]greement."). As such, Plaintiffs have not demonstrated that transfer of this matter to Arizona would,

---

[3] The Court's decision to transfer the case to Arizona, rather than dismiss it outright, was motivated in part by a desire to avoid certain filing fees that might have been required were the lawsuit to be reinitiated in full.

in effect, be so gravely difficult and inconvenient so as to deprive them of their day in court.

III. Conclusion

If the allegations that Plaintiffs assert in their complaint are true, there can be no doubt that they deserve their day in court.  But, the express terms of the franchise agreement require that it be a court in Maricopa County, Arizona, and not this one.  For that reason, Cold Stone's motion to dismiss is DENIED, but Cold Stone's request in the alternative that the matter be transferred is GRANTED and the suit is hereby transferred to the United States District Court for the District of Arizona.


IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  November 22, 2013